**Larry OPPOLD and Norine Oppold, Plaintiffs and Respondents,**

v.

**Clarence B. ERICKSON and Neva M. Erickson, Defendants and Appellants.**

**No. 12172.**

Supreme Court of South Dakota.

June 20, 1978.

Harold C. Doyle of May, Johnson & Burke, Sioux Falls, for plaintiffs and respondents.

Paul E. Mundt, Sioux Falls, for defendants and appellants.

PER CURIAM.

This appeal follows from a judgment by the Circuit Court, Second Judicial Circuit, granting a prescriptive easement in favor of the plaintiffs to keep and maintain drainage tile located on land owned by the defendants and enjoining the defendants from interfering with and/or obstructing the tile. The defendants appeal, challenging the sufficiency of the evidence to support certain findings of the court. We affirm.

The record reflects that the drainage tile in question has been in place and in use for over forty years continuously. It only ceased being used when the defendants broke the tile while putting in a fence post shortly after their purchase of the land in 1973. The land had been owned by the Fritz family at the time the tile was installed by the father of the Oppolds, who are the plaintiffs in this case. The Fritz family owned it until 1973 when it was sold to the defendants, but the deed of conveyance contained no mention of the drainage easement. The defendants have refused to allow the plaintiffs to come onto the land to repair the drainage tile after it was broken and this action was a result of that refusal.

In reviewing findings made by a trial court, we must give due regard to the opportunity of that court to observe the witnesses and such findings "shall not be set aside unless clearly erroneous." SDCL 15–6–52(a); *Ward v. Melby*, 1966, 82 S.D. 132, 142 N.W.2d 526; *City of Rapid City v. Hoogterp*, 1970, 85 S.D. 176, 179 N.W.2d 15. With this rule in mind, we will examine each of the challenged findings and the evidence presented in support of it.

The defendants first allege that the trial court erred in finding that a prescriptive easement had been created, since no adverse or hostile holding was shown. They contend the use was a permissive use which could be terminated at any time. This Court has stated that the "prevailing rule" is that:

"[W]here a claimant has shown an open, continued and unmolested use of land for a period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right. The owner of the servient estate, in order to avoid the acquisition of an easement by prescription, has the burden of rebut-

ting this presumption by showing that the use was permissive." *Kougl v. Curry*, 1950, 73 S.D. 427, 432, 44 N.W.2d 114, 117. The period for obtaining adverse possession is twenty years in South Dakota. *Kougl*, supra; *Shearer v. Hutterische Bruder Gemeinde*, 1912, 28 S.D. 509, 134 N.W. 63; SDCL 43–14–2; SDCL 15–3–1; SDCL 46–20–17. The burden, therefore, was on the defendants to show that the use was permissive. The only testimony on that question was from Leonard Fritz, who stated that the drain had been put in "under my Dad's breath. He didn't like it." This is sufficient evidence to support the trial court's finding of adverse user, since the defendants were unable to present any evidence that the use was permissive.

The next challenge raised is to the finding that the water drains from west to east. A review of the record indicates ample evidence exists to support this finding, both from witnesses and from the fact that the judge personally viewed the area in question.

Finally, the defendants argue that the court erred in finding that part of the drainage tile was openly visible. The plaintiffs testified that the end of the drain was visible on the defendants' land, one of the defendants stated that her family had observed the end of the drainage tile and the metal fork used to mark it, and the judge personally viewed the area to see whether it was visible. For this reason, we conclude that the court's findings were not clearly erroneous.

The evidence supports the existence of an open, continuous and hostile use of the drainage tile for a period well in excess of twenty years, thus creating a prescriptive easement in favor of the plaintiffs. The transfer of the property from the Fritz family to the defendants did not defeat the easement. *Ricenbaw v. Kraus*, 1953, 157 Neb. 723, 61 N.W.2d 350, 355; *McKeon v. Brammer*, 1947, 238 Iowa 1113, 29 N.W.2d 518.

The judgment of the trial court is affirmed.

DUNN, C. J., and WOLLMAN, ZASTROW and PORTER, JJ., concur.

MORGAN, J., deeming himself disqualified, did not participate in the opinion.